**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JULIO MARTINEZ, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

MEMORIAL SLOAN KETTERING CANCER CENTER,

Defendant.

Case No. 1:26-cv-03615-AT

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Julio Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This is a class action and a collective action brought to remedy violations of federal and New York state wage-and-hour laws by Defendants (as defined herein).

2. Defendants provide healthcare and operate a private cancer treatment and research institution in New York and New Jersey.

3. At all relevant times set forth herein, Defendants employed Plaintiff and other similarly situated persons as hourly non-exempt workers in the State of New York. Defendants continue to employ workers in the State of New York and the State of New Jersey.

4. Plaintiff's job required him to clean facilities, including, and not limited to, wiping down surfaces, sanitizing, mopping, sweeping, dusting, cleaning carpet, and changing patient

bedding. Plaintiff regularly worked off the clock and worked overtime and was not compensated for all hours worked.

5. Defendants have engaged in a common practice of requiring Plaintiff and similarly situated employees to work without proper pay, including, *inter alia*, substantial overtime work. Upon information and belief, Defendants knew or should have known that Plaintiff, Class Members, and FLSA Collective Members were entitled to receive minimum, regular, and overtime wages for all hours worked and that they were not receiving minimum, regular, and overtime wages for all hours worked.

6. Upon information and belief, Defendants have engaged in a common practice of rounding the work time recorded by Plaintiff, Class Members, and FLSA Collective Members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiff, Class Members, and FLSA Collective Members being underpaid for their time worked.

7. Defendants knew or should have known that Plaintiff, Class Members, and FLSA Class Members were entitled to reimbursement of all necessary business-related expenses and that they were not being reimbursed for all necessary business-related expenses.

8. Upon information and belief, at all relevant time periods, Defendants knew or should have known that they had a duty to provide Plaintiff, Class Members, and FLSA Collective Members with compensation due to them under the law, and Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so.

9. Plaintiff seeks to recover unpaid wages on behalf of FLSA Collective Members pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

10. Plaintiff also seeks to recover unpaid compensation on behalf of Class Members pursuant to the New York labor law, including, *inter alia*, Article 6, § 190, *et seq.* and Article 19, § 650, *et seq.*, and applicable Wage Orders (i.e., supporting New York State Department of Labor Regulations) (collectively, "NYLL").

## THE PARTIES

***Plaintiff Julio Martinez***

11. Plaintiff Julio Martinez is an individual over the age of eighteen, and at all times relevant to this Complaint, was a resident of the State of New York, County of Bronx.

12. Plaintiff is a covered employee within the meaning of the FLSA, NYLL and applicable Wage Orders.

13. Plaintiff was employed as a non-exempt worker for Defendants and worked at Defendants' 530 East 74th Street, New York, New York 10021 location, from approximately September 2023 to approximately December 2024. Plaintiff was paid at the hourly rate of approximately $24.00 and frequently worked in excess of forty (40) hours in a week. Plaintiff was regularly scheduled to work five (5) days per week, from 6:00 p.m. to 2:00 a.m., with a scheduled unpaid meal break of thirty (30) minutes each day. Plaintiff's scheduled meal break was automatically deducted from his time even when he missed it, resulting in work being performed while off the clock.

14. Plaintiff's work tasks included, but were not limited to, wiping down surfaces, sanitizing, mopping, sweeping, dusting, cleaning carpet, and changing patient bedding.

15. Plaintiff was required and did perform off-the-clock work for Defendants' benefit, including arriving approximately 20 to 30 minutes prior to the scheduled shift start time, in order to complete a required security screening in the lobby, don the work uniform he was required to wear in a designated area before walking to another designated area for clocking in, and waiting in line to clock in at the single kiosk which Plaintiff and his colleagues all had to use, before clocking in for a shift. Plaintiff recalls that Defendants' kiosk for clocking in often suffered technological connection issues, further causing delays to Plaintiff and Class Members.

16. In addition, Plaintiff was required and did perform off-the-clock work for Defendants' benefit, including cleaning the facilities by wiping down surfaces, sanitizing, mopping, sweeping, dusting, cleaning carpet, and changing patient bedding during what should have been a duty-free meal break.

17. Specifically, Plaintiff recalls that his supervisor would frequently come to Plaintiff's floor approximately 10 minutes before Plaintiff and other workers were due to start their meal break, giving out orders to complete tasks prior to their meal break. The tasks, which included things such as bringing medical supplies or bloodwork samples downstairs, among other things, would take more than 10 minutes, which meant that Plaintiff, FLSA Collective Members, and Class Members would have to start their meal break late as a result, and Defendant had a policy and/or practice of not extending meal breaks that started late, resulting in shortened meal breaks. Plaintiff estimates that he had to start his meal break 10-15 minutes late at least 3 times per week, on average. Furthermore, Plaintiff estimates that he missed 30 minutes of his meal break 1-2 times per week on average as a result of Defendants' practices.

18. Furthermore, Plaintiff, FLSA Collective Members, and Class Members were required to punch out while still wearing their work uniform, and then change out of their uniform before leaving the jobsite. Due to the changing room being in a separate location from where they clocked out, this resulted in Plaintiff, FLSA Collective Members, and Class Members being required to spend approximately 15 minutes at the jobsite in order to change out of their uniform, after clocking out at the end of their shift.

19. Taking into account the off-the-clock activities Plaintiff was required to perform, Plaintiff regularly worked approximately three hours and twenty-five minutes to five hours off the clock, inclusive of non-overtime and overtime, and was not compensated for all hours worked.

20. Defendants failed to pay straight time or overtime wages to Plaintiff for the off-the-clock work he performed in multiple workweeks, including, *inter alia*, workweeks in which Plaintiff's work exceeded forty (40) total hours (inclusive of both recorded and off-the-clock work).

***<u>Defendant Memorial Sloan-Kettering Cancer Center</u>***

21. Defendant Memorial Sloan-Kettering Cancer Center, at all times herein mentioned, was and is, upon information and belief, a New York non-profit corporation and an employer that

employs and/or otherwise engages workers in the State of New York, including the County of New York. Defendant's headquarters is located at 1275 York Avenue, New York, New York 10065.

22. At all relevant times, Memorial Sloan-Kettering Cancer Center was the "employer" of Plaintiff and the other putative class and collective members within the meaning of all applicable state and federal laws and statutes.

23. Upon information and belief, Memorial Sloan-Kettering Cancer Center is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

24. The true names and capacities, whether corporate, associate, individual or otherwise, of all defendants legally responsible for the events and happenings referred to in this Complaint are unknown. Said defendants unlawfully caused the injuries and damages to Plaintiff and the other Class Members and FLSA Collective Members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained. Said defendants and Memorial Sloan-Kettering Cancer Center are herein collectively referred to as "Defendants."

25. At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

26. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees. This consisted of maintaining operations, employment, timekeeping, and payroll records and systems; supervising and directing their work; evaluating their work using various performance metrics; and tracking the tasks they performed.

27. Defendants apply the same operations and employment policies, practices, and procedures to all Class Members and FLSA Collective Members.

28. Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

29. At all relevant time periods, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

30. At all relevant time periods, Plaintiff and FLSA Collective Class Members were and/or are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

31. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees who engaged in commerce or in the production of goods for commerce and/or employed in an enterprise engaged in the production of goods for commerce, as required by 29 U.S.C. § 207.

32. At all relevant time periods, Defendants have been an enterprise within the meaning of the FLSA, under 29 U.S.C. § 203.

## **JURISDICTION AND VENUE**

33. This action is brought pursuant to 29 U.S.C. § 216(b) and Article 9 of the NY CPLR. The monetary damages sought by Plaintiff exceed the minimal jurisdiction limits of this Court and will be established according to proof at trial.

34. This Court has jurisdiction over this action pursuant to 8 U.S.C. §§ 1331, 1332, and 1367, and by 29 U.S.C. § 201, *et seq*.

35. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

36. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in the States of New York and New Jersey at any time during the period from three years prior to May 1, 2026 to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "FLSA Collective Members" or "FLSA Collective").

38. Plaintiff brings this action on behalf of the FLSA Collective Members as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff reserves the right to establish additional subclasses as appropriate.

39. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of the FLSA Collective must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

40. Notice of the pendency and any resolution of this action can be provided to potential members of the FLSA Collective by mail, print, internet, and/or telephone text message publication.

41. There is a well-defined community of interest in the litigation and the potential members of the FLSA Collective are readily ascertainable.

42. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including and not limited to:

a. Whether Defendants required Plaintiff and FLSA Collective Members to work over forty (40) hours per week and failed to pay legally required overtime compensation to them;

b. Whether Defendants required Plaintiff and FLSA Collective Members to work off the clock and failed to reimburse employer and/or business-related expenses and costs, thereby failing to pay legally required wages to Plaintiff and FLSA Collective Members for all hours worked;

c. Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and pay overtime wages;

d. Whether Defendants' conduct was willful; and

e. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

43. Defendants are aware or should have been aware that the FLSA requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per workweek.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

45. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

46. Plaintiff brings this action under NY CPLR § 901, individually and on behalf of each and all other persons similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in New York during the period from six years prior to May 1, 2026 to the date of final judgment in this action (the "Class Members" or "Class").

47. Plaintiff reserves the right to establish subclasses as appropriate.

48. The Class Members are ascertainable and there is a well-defined community of interest in the litigation.

***Numerosity and Ascertainability***

49. The membership of the entire Class is unknown to Plaintiff at this time. However, upon information and belief, the Class is estimated to consist of approximately fifty (50) or more

individuals.

50. The number of putative Class Members is so numerous that joinder of all class members is impracticable.

51. Class Members are also readily ascertainable. The number and identity of Class Members are determinable from Defendants' records. The positions held and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under applicable law.

***Common Questions of Law and/or Fact***

52. The claims of Plaintiff and Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to the Plaintiff and Class Members that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendants had a policy of failing to pay Plaintiff and Class Members for all time that they work;

b. Whether Defendants correctly calculated and compensated Plaintiff and Class Members for hours worked in excess of forty (40) per workweek;

c. Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked, including minimum, regular, and overtime wages to which they were entitled to by law;

d. Whether Defendants paid Plaintiff and Class Members at the proper wage rate for all hours worked;

e. Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and pay overtime wages and paid sick, safe, and/or time off;

f. Whether Defendants failed to provide Plaintiff and Class Members with

meal and/or rest breaks to which they are entitled by law, requiring them to perform work during meal and/or rest breaks without proper compensation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

h. Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members upon the end of their employment;

i. Whether Defendants failed to keep contemporaneous, complete, true and accurate records pertaining to Plaintiff and Class Members, as required by law, including *inter alia,* hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period;

j. Whether Defendants failed to maintain contemporaneous, complete, true and accurate payroll and time records;

k. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate wage notice upon hire;

l. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate itemized wage statement, as required by law, indicating, *inter alia*, wages, hours worked, rates paid, and gross wages;

m. Whether Defendants failed to pay Plaintiff and Class Members legally required wages by requiring Plaintiff and Class Members to incur employer and/or business-related expenses and failing to reimburse for them;

n. Whether Defendants had actual or constructive knowledge of the facts set forth herein;

o. Whether Defendants' conduct alleged herein was willful, intentional, and or reckless; and

p. The proper formula for calculating damages owed to Plaintiff and Class Members as alleged herein, including the nature and extent of Plaintiff and Class Members' injuries, damages, and loss, and the appropriate measure of compensation for such injuries, damages, and loss.

***Typicality***

53. Plaintiff's claims are typical of those claims which could be alleged by Class Members, and the relief sought is typical of the relief which would be sought by Class Members in separate actions.

54. All Class Members were subject to the same practices of Defendants, as alleged herein, including *inter alia*, failing to pay required wages (including and not limited to, for off-the-clock work and overtime work) and failing to maintain records and provide proper wage statements and notices.

55. Plaintiff and Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with applicable law.

56. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

57. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

58. Plaintiff is able to fairly and adequately represent and protect the interests of the Class that they seek to represent and Plaintiff's interests do not conflict with the interests of the Class Members.

59. Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

60. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation like the present action, where individual Class Members may lack the financial resources to vigorously prosecute a lawsuit in court against a defendant. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Plaintiff and Class Members predominate over any questions affecting only individual Class Members. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

61. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, and, in turn, would establish incompatible standards of conduct for Defendants.

62. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## <u>COMMON FACTUAL ALLEGATIONS</u>

63. Plaintiff, FLSA Collective Members, and Class Members are current and former hourly-paid or non-exempt employees who worked for Defendants during the relevant time period.

64. At all times relevant, Plaintiff and Class Members have been employees of Defendants and Defendants have been the employer of Plaintiff and Class Members within the meaning of the NYLL § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

65. The time that Defendants required Plaintiff, FLSA Collective Members, and Class Members to work without compensation deprived them of substantial pay to which they are entitled under the FLSA and the NYLL, including overtime pay for hours worked in excess of forty (40) per week.

66. Under New York law, specifically, NYLL § 162, employers are required to provide factory hourly, non-exempt employees working a shift of six (6) or more hours with a 60-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 60-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; provide non-factory hourly, non-exempt employees working a shift of six (6) or more hours with a 30-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 45-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; and all hourly, non-exempt employees are entitled to an additional 20-minute duty-free, uninterrupted meal period between 5:00 p.m. and 7:00 p.m. for workdays that extend from before 11:00 a.m. to after 7:00 p.m.

67. Under New York law, during meal periods, employees must be completely relieved from duty and free to leave their work areas and engage in other personal pursuits, and when meal periods are interrupted, missed, and/or shortened by the performance of any work, whether active or in-active, or when the employee is prohibited from leaving their work areas and to engage in personal pursuits, they do not count as meal periods and must be counted and compensated by the employer as time worked.

68. Plaintiff, FLSA Collective Members, and Class Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

69. Defendants were aware that Plaintiff, FLSA Collective Members, and Class Members worked off the clock before clocking in for a shift, during what should have been a

duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and overtime wages for all of the hours worked.

70. Under New York law, employers are required to pay uniform maintenance pay for laundering and maintenance of uniforms, as mandated by the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142-3.5.

71. Plaintiff, FLSA Collective Members, and Class Members were required to maintain uniforms but were not properly paid uniform maintenance pay.

72. Defendants required Plaintiff, FLSA Collective Members, and Class Members to incur employer and/or business-related expenses and costs and failed to reimburse them. For example, Plaintiff was required to buy all-black, non-slip walking shoes and was told that he would be at least partially reimbursed for this expense. Plaintiff bought two pairs of shoes to fulfill the requirement, but when he brought the receipts to Defendants, he was told that they no longer reimbursed for this expense. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff, FLSA Collective Members, and Class Members' job duties or in obedience to Defendants' directions.

73. Throughout the duration of their employment, Plaintiff and Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked.

74. Defendants failed to pay promised wages to Plaintiff and Class Members as required by NYLL §§ 193 and 198.

75. Defendants failed to timely pay wages to Plaintiff and Class Members as required by NYLL § 191.

76. Defendants failed to furnish Plaintiff and Class Members with accurate itemized wage statements indicating, *inter alia*, wages, hours worked, rates paid, and gross wages, as required by NYLL § 195(3).

77. Defendants failed to keep contemporaneous, complete, true, and accurate records pertaining to Plaintiff and Class Members, as required by law, including *inter alia*, hours worked,

rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period, as required by NYLL § 195(4).

78. Defendants' violations deprived Plaintiff and Class Members of their ability to contest violations, which led to delayed payment of proper wages, and decreased the amount of Social Security benefits available to Plaintiff and Class Members as a result of the reduced wages reported on employees' W-2s.

79. Plaintiff is informed, believes, and based thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective and Class Members and throughout Defendants' operations.

80. Defendants were or should have been aware that the FLSA and New York law required Defendants to pay hourly-paid or non-exempt employees for all hours worked.

81. Defendants' failure to pay hourly-paid or non-exempt employees minimum, regular, and overtime wages for all hours worked was willful, intentional, and in bad faith.

82. Defendants' withholding of money which Plaintiff and Class Members were owed, an injury Plaintiff and Class Members suffered every pay period they worked for Defendants, is a concrete, economic harm.

**FIRST CAUSE OF ACTION: FLSA - OVERTIME WAGES**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

83. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

84. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

85. At all material times set forth herein, Plaintiff and FLSA Collective Members did

not qualify for exempt status under the FLSA.

86. At all material times set forth herein, Plaintiff and FLSA Collective Members worked in excess of forty (40) hours in a workweek, however, the proper overtime compensation was not paid by Defendants.

87. At all material times set forth herein, Defendants required Plaintiff and the FLSA Collective Members to incur employer and/or business-related expenses and costs and failed to reimburse them. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff and FLSA Collective Members' job duties or in obedience to Defendants' directions. These unreimbursed costs reduced Plaintiff and FLSA Collective Members' take-home pay below the legally-required wage rates. Defendants' failure to pay Plaintiff and FLSA Collective Members overtime compensation and failure to reimburse all necessary business-related expenses was and is a result of a uniform policy or practice.

88. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA or, alternatively, Defendants' reckless disregard for the requirements of those provisions.

89. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid overtimes wages for all overtime hours actually worked.

90. As a result of Defendants' violations of the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION: NEW YORK - OVERTIME WAGES

**Violation of NYLL Article 6, § 190, *et seq.,* Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142: (Brought on behalf of Plaintiff and the Class)**

91. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

92. Defendants failed to pay premium overtime wages to Plaintiff and Class Members in violation of NYLL Articles 6 and 19 and their implementing regulations, including, but not limited to, 12 NYCRR §142.

93. Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

94. Plaintiff and Class Members worked over forty (40) hours in workweeks and were not compensated for the overtime hours worked.

95. Defendants failed to keep accurate records of time worked by Plaintiff and the Class Members.

96. Defendants did not make a good faith effort to comply with New York law with respect to Defendants' compensation of Plaintiff and Class Members.

97. As a result of Defendants' violations of New York law, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief as provided by law pursuant to NYLL Article 6, § 190, *et seq.* and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142.

**<u>THIRD CAUSE OF ACTION: NEW YORK - NON-OVERTIME WAGES</u>**
**Violation of NYLL Article 6, § 190, *et seq.*, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142: (Brought on behalf of Plaintiff and the Class)**

98. Plaintiff realleges and incorporates by reference all preceding allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

99. Defendants have engaged in a widespread pattern, policy, and practice of violating

New York law, as detailed in this Complaint.

100. Plaintiff and Class Members worked significant off-the-clock hours which were uncompensated and as a result, Plaintiff and Class Members were not compensated at the legally required rate of pay. Defendants' failure to pay required non-overtime wages and failure to compensate Plaintiff and Class Members at the legally required rate of pay also arises from Defendants' failure to reimburse Plaintiff and Class Members for all necessary business-related expenses as required by 12 NYCRR § 142-3.11. Under the NYLL, Plaintiff and Class Members are entitled to their agreed-upon wage, or at least the state minimum wage, for all hours worked.

101. Defendants failed to pay Plaintiff and Class Members non-overtime wages, including minimum and regular wages, and uniform maintenance pay, to which they are entitled under New York law, including, *inter alia*, the NYLL Art. 19 § 650 *et seq.* and § 663, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142.

102. By engaging in the conduct alleged herein, Defendants willfully failed to pay Plaintiff and Class Members promised wages for all hours worked, in violation of New York labor law, including, *inter alia*, NYLL Article 6, §§ 193 and 198, which only permits deductions from and/or reductions of wages for certain enumerated purposes where such deductions and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

103. Defendants required Plaintiff, FLSA Collective Members, and Class Members to maintain uniforms but did not properly pay uniform maintenance pay as required by 12 NYCRR § 142-2.5(c).

104. Defendants' failure to pay required wages to Plaintiff and Class Members as set forth above was well within the meaning of NYLL Article 6 §§ 193 and 198.

105. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Class Members.

106. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe Defendants' failure to pay Plaintiff and Class Members' minimum and regular wages complied with New York law.

107. Through their knowing or intentional failure to pay Plaintiff and Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated the NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

108. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to New York law, including *inter alia*, NYLL Article 6, § 190 *et seq.,* Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142.

**<u>FOURTH CAUSE OF ACTION: NEW YORK - WAGE STATEMENTS</u>**
**Violation of NYLL Article 6, § 195(3):**
**(Brought on behalf of Plaintiff and the Class)**

109. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

110. NYLL § 195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate); gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable;

prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages. Where such prevailing wage supplements are claimed, or such home care aide benefits are provided, the statement shall either: (i) identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each; or (ii) be accompanied by a copy of the applicable notice required under NYLL § 195(1) and (2). For all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

111. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL § 195(3) requirement to provide accurate wage statements as detailed in this complaint.

112. Defendants' failure to comply with NYLL § 195(3) was willful.

113. Defendants' failure to comply with NYLL § 195 resulted in concrete injuries to Plaintiff and Class Members by withholding money which Plaintiff and Class Members were owed. Such injuries are concrete, economic harms.

114. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190 *et seq.,* Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated individuals, prays for the following relief:

A. Designation of this action as a collective action on behalf of FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action on behalf of the Class Members pursuant to NY CPLR § 901;

C. Designation of Plaintiff as representative of the Class;

D. Designation of Plaintiff's counsel of record as counsel for the Class ("Class Counsel");

E. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all Class Members;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*, New York law, including, *inter alia*, NYLL, Article 6, § 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and/or the supporting New York State Department of Labor Regulations;

G. An award of damages, including unpaid wages, liquidated damages, and restitution to be paid by Defendants, according to proof;

H. Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining Defendants from continuing their unlawful practices;

I. Penalties, as provided by law;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Attorneys' fees and costs incurred in the action, including expert fees, as provided by law;

L. Reasonable service awards for the named plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and/or the Class, and for the risks they took in doing so; and

M. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of all others similarly situated, requests a trial by jury.

Dated: August 3, 2026
New York, New York

**LAWYERS *for* JUSTICE, P.C.**

By: */s/ Breanna Small*
Sabine Jean
Breanna Small
**LAWYERS *for* JUSTICE, P.C.**
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
s.jean@calljustice.com
b.small@calljustice.com

*Attorneys for Plaintiff,*
*Putative Class, and FLSA Collective*